UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                                :
TYSHEIM MURPHY,                 :
                                :    Civil Action No. 17-2960 (NLH)
             Petitioner,        :
                                :
           v.                   :    OPINION
                                :
PATRICK NOGAN,                  :
                                :
             Respondent.        :
                                :
```

APPEARANCES:
Tysheim Murphy
668462/719455c
East Jersey State Prison
1100 Woodbridge Rd.
Rahway, NJ 07065
     Petitioner <u>Pro</u> <u>se</u>

<u>HILLMAN, District Judge</u>

     <u>Pro</u> <u>Se</u> Petitioner Tysheim Murphy files this Petition for

Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, which

appears to challenge his 2010 New Jersey state court conviction

for various offenses.  (ECF No. 1.)  The Petition is deficient

for the following reasons.

**1.  Section 2254 Rules**

     Pursuant to Rule 2 of the Rules Governing Section 2254

Cases in the United States District Courts, among other

requirements, the petition must: "(1) specify all the grounds

for relief available to the petitioner; [and] (2) state the

facts supporting each ground…."  Here, Petitioner merely

attaches a list of the grounds that were raised on direct appeal and on post-conviction relief in state court. (Pet. 18-20.) He does not provide any supporting facts for the grounds. In addition to being in violation of Rule 2, without such information the Court is unable to conduct its initial review of the Petition, as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**2. Filing Fee**

Petitioner neither prepaid the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor did he submit an application to proceed in forma pauperis. While he did submit a copy of his prisoner account statement, the Court notes that the account statement is not certified and he did not submit the required affidavit. See L. C~IV~. R. 81.2(b) ("Whenever a Federal, State, or local prisoner submits a…petition for a writ of habeas corpus…and seeks in forma pauperis status, the

---

[1] If Petitioner submits an amended petition, he is reminded that federal habeas review is concerned with whether there has been a violation of federal law. See 28 U.S.C. § 2254(a) ("[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Claims based on errors of state law are not cognizable on federal habeas review, and federal courts cannot re-examine state court determinations on state law issues. Estelle v. McGuire, 502 U.S. 62, 67–8 (1991). Several of the claims contained in the instant Petition appear to be only errors or state law.

prisoner shall also submit an affidavit setting forth
information which establishes that the prisoner is unable to pay
the fees and costs of the proceedings and shall further submit a
certification signed by an authorized officer of the institution
certifying (1) the amount presently on deposit in the prisoner's
prison account and, (2) the greatest amount on deposit in the
prisoner's prison account during the six-month period prior to
the date of the certification.").

## Conclusion

For the reasons stated above, the Court will
administratively terminate this matter. If Petitioner wishes to
reopen this case, within 30 days, he must submit a complete,
signed habeas petition on the correct form which identifies his
grounds for relief and the supporting facts. He must also
submit either the $5 filing fee or a complete in forma pauperis
application.[2] An appropriate order follows.


Dated: May 5, 2017                    s/ Noel L. Hillman
At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.

---

[2] The Court notes that if the uncertified account statement is
correct, it appears that Petitioner may not be entitled to in forma
pauperis status in this matter because his account has exceeded
$200 in the past six months. See L. CIV. R. 81.2(c) ("If the
prison account of any petitioner or movant exceeds $200, the
petitioner or movant shall not be considered eligible to proceed
in forma pauperis.").

3