```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                    :
TYSHEIM MURPHY,                     :
                                    :
          Petitioner,               :   Civ. No. 17-2960 (NLH)
                                    :
     v.                             :   OPINION
                                    :
THE ATTORNEY GEENRAL OF THE STATE   :
OF NEW JERSEY,                      :
                                    :
          Respondent.               :
_____ :
```

APPEARANCES:
Tysheim Murphy, #668462/719455C
East Jersey State Prison
1100 Woodbridge Rod.
Rahway, NJ 07065
     Petitioner, Pro se

John J. Santoliquido, Esq.
Office of the Prosecutor
4997 Unami Blvd.
P.O. Box 2002
Mays Landing, NJ 08330
     Counsel for Respondent

HILLMAN, District Judge

This matter is presently before the Court upon a Motion to Stay by Petitioner Tysheim Murphy. ECF No. 8. Respondent opposes the motion. ECF No. 13. The Court has read the submissions of the parties and considers this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, Petitioner's Motion will be DENIED.

## I. BACKGROUND

On or about April 28, 2017, Petitioner, a prisoner confined at the East Jersey State Prison in Rahway, New Jersey, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his 2010 New Jersey state court conviction. ECF No. 1. Pursuant to the Court's order, Petitioner submitted a Second Amended Petition on July 12, 2017. ECF No. 7. On or about November 18, 2015, Petitioner filed a Motion for a Stay of the habeas proceeding so that he could "exhaust all my issues before raising them on Habeas Corpus." ECF No. 8, at 4. Specifically, Petitioner asserts that he has not exhausted his claim that his PCR counsel was ineffective. Id. at 7-8.

Respondent filed an opposition to the Motion to Stay. ECF No. 13. Specifically, Respondent argues that Petitioner has already "challenged his underlying convictions once on direct appeal and twice on collateral review in state court." Id. at 1. In fact, Respondent argues that Petitioner's second petition for post-conviction relief was "Dismissed with prejudice for failure to demonstrate the requisite good cause for second or subsequent PCR petitions." Id. Finally, Respondent argues that any successive PCR petition brought to raise ineffective assistance of Petitioner's PCR counsel would also be dismissed

because it is untimely under New Jersey Court Rule 3:22-12(a)(2)(C). Id.

Petitioner filed a reply in support of his Motion to Stay. ECF No. 14. In his reply, Petitioner asserts that his second PCR petition was dismissed not on the merits but because the way it was drafted. Id. at 1. Specifically, Petitioner asserts that he failed to properly identify the claims regarding his PCR counsel. Id.

**II. DISCUSSION**

**A. Legal Standard**

A petitioner seeking federal habeas review must exhaust state court remedies for all grounds for relief asserted in a habeas petition. 28 U.S.C. § 2254(b)(1)(A); Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004). It is therefore proper and routine for district courts to dismiss habeas petitions containing both unexhausted and exhausted claims (so-called "mixed petitions") so as to allow the state courts the first opportunity to address the petitioner's constitutional claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Despite this "total exhaustion" rule, the Court of Appeals for the Third Circuit has recognized that, in some circumstances, dismissing a "mixed petition" may time-bar a petitioner from federal court under the one-year statute of limitations for § 2254 claims imposed by the Antiterrorism

Effective Death Penalty Act of 1996 ("AEDPA").  See Crews, 360 F.3d at 151 ("AEDPA's limitations period may act to deprive a petitioner of a federal forum if dismissal of the habeas petition is required") (citing Zarvela v. Artuz, 254 F.3d 374, 379 (2d Cir. 2001)).  Accordingly, the Third Circuit has held that "[s]taying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition."  See Crews, 360 F.3d at 151.

The Supreme Court likewise has acknowledged there could be circumstances where dismissal of a mixed petition for exhaustion would result in the one-year habeas statute of limitations expiring before the petitioner was able to return to federal court.  See Rhines v. Weber, 544 U.S. 269, 272–73 (2005).  The Court held that, in limited circumstances, district courts have discretion to hold a habeas proceeding in stay and abeyance while the petitioner exhausts his unexhausted claims in state court.  Id. at 277.  A stay and abeyance is available only when the petitioner had good cause for failing to exhaust his claims and only if the claims have potential merit.  Id. at 277–78.

Though "[f]ew courts have provided guidance as to what constitutes 'good cause' for failing to exhaust a claim in state court within the meaning of Rhines," the Third Circuit emphasizes "the need to be mindful of Justice Stevens's

4

concurrence in Rhines, which cautions that . . . [the requirement] is not intended to impose the sort of strict and inflexible requirement that would 'trap the unwary pro se prisoner[.]'" Locust v. Ricci, No. 08-2713, 2010 WL 1463190, at *10 (D.N.J. Apr. 12, 2010) (quoting Ellison v. Rogers, 484 F.3d 658, 662 (3d Cir. 2007) (citations omitted)).

**B. Analysis**

Petitioner seeks a stay for one issue: to exhaust his ineffective assistance of counsel claim against his PCR counsel. According to his Motion to Stay, Petitioner asked his attorney "to file numerous issues on" his behalf, which his attorney "failed to do so." ECF No. 8, Mot. at 6. Those issues that Petitioner's PCR attorney allegedly failed to raise include violations of the Sixth and Fourteenth Amendments. Id. at 7. A stay of the petition while Petitioner attempts to exhaust the ineffective assistance of PCR counsel in state court would be inappropriate under Rhines.

First, Petitioner has failed to present any facts or argument that would constitute "good cause" for his failure to exhaust that claim before bringing this federal habeas matter. See Rhines, 544 U.S. at 277-78.

Second, Petitioner's ineffective assistance of counsel claim lacks "merit," because it would be dismissed as untimely in state court and is not cognizable under federal habeas

review.  Id.  As the Respondent raises in its opposition to the Motion to Stay, a PCR petition alleging ineffective assistance of prior PCR counsel must be filed within a year after the date of the denial of the PCR petition at issue.  N.J. Ct. R. 3:22-12(a)(2)(C).  Petitioner's PCR petition at issue was denied on June 20, 2014.  See ECF No. 13, at 5.  More than one year has elapsed since the denial of the PCR petition, and thus any subsequent PCR petition that seeks to challenge the effectiveness of PCR counsel would be dismissed as untimely.  See N.J. Ct. R. 3:22-4 (requiring that second or subsequent PCR petitions will be dismissed unless it is, inter alia, timely).  Further, "[t]he ineffectiveness . . . of counsel during a . . . State collateral post-conviction proceeding shall not be a ground for relief in a proceeding under section 2254."  28 U.S.C. §2254(i).

Finally, because Petitioner lacks any further available remedy in state court with which to raise his ineffective assistance of PCR counsel claim, that claim is considered exhausted for the purposes of federal habeas review.  See 28 U.S.C. 2254(b)(1)(A).

Because Petitioner has failed to demonstrate the requisite Rhines factors and because Petitioner has exhausted his ineffective assistance of PCR counsel claim for the purposes of this Petition, the Motion to Stay will be denied.

**III. Conclusion**

For the foregoing reasons, Petitioner's Motion to Stay, ECF No. 8, is DENIED.  The Petition will be ruled upon in due course.

An appropriate Order will be entered.


Dated: March 16, 2018           ___s/ Noel L. Hillman_____
At Camden, New Jersey           NOEL L. HILLMAN
                                United States District Judge