```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                   :
TYSHEIM MURPHY,                    :
                                   :
            Petitioner,            :   Civ. No. 17-2960 (NLH)
                                   :
     v.                            :   OPINION
                                   :
                                   :
PATRICK NOGAN, et al.,             :
                                   :
            Respondents.           :
_____:
```

APPEARANCES:

Tysheim Murphy
668462/719455C
East Jersey State Prison
1100 Woodbridge RD.
Rahway, NJ 07065
    Petitioner Pro se

Damon G. Tyner, Atlantic County Prosecutor
John J. Santoliquido, Assistant Prosecutor
Atlantic County Prosecutor's Office
4997 Unami Blvd., Suite 2
PO Box 2002
Mays Landing, NJ 08330
    Attorneys for Respondents

HILLMAN, District Judge

    This matter comes before the Court on Petitioner Tysheim Murphy's motion for an evidentiary hearing on two issues presented in his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF No. 24. Respondents Patrick Nogan and the New Jersey Attorney General oppose the motion. ECF No. 25. For the reasons that follow, the Court will deny the motion for an evidentiary hearing as premature. Respondents are ordered to

answer Grounds One through Eight and Eighteen through Twenty-three of the second amended habeas petition.

I. BACKGROUND

Petitioner filed this § 2254 petition on April 28, 2017. ECF No. 1. The Court administratively terminated the petition as it was not on the correct form for habeas petitions and Petitioner did not pay the filing fee. ECF No. 3. Petitioner paid the filing fee and submitted the second amended petition on July 12, 2017.[1] ECF No. 7. He also filed a motion to stay the habeas proceedings while he exhausted his state court remedies on his claim that his post-conviction relief ("PCR") counsel was ineffective. ECF No. 8. The Court reopened the matter and directed Respondents to file a response to the motion to stay only. ECF No. 10. The motion to stay was denied on March 16, 2018. ECF No. 16.

On April 4, 2018, Petitioner filed a letter, docketed as a Motion to Amend, asking for an extension of time to file a "more comprehensive brief to better articulate all my issues . . . ." ECF No. 17 at 1. He subsequently filed a brief and exhibits on June 19, 2018. ECF No. 20. The Court denied the Motion to Amend. ECF No. 22.

---

[1] An amended petition had been received by the Clerk's Office and was inadvertently docketed under a new civil case number. See ECF Nos. 5,6.

On May 20, 2019, Petitioner filed the instant motion for an evidentiary hearing on two issues: (1) whether trial counsel was ineffective for failure to call or secure the presence of a witness at trial; and (2) whether trial counsel mislead Petitioner into believing the witness would be testifying at trial, thereby inducing Petitioner to reject the plea offer. ECF No. 24 at 5-6. Respondents oppose the motion, arguing that Petitioner has presented no new evidence beyond the evidence presented to and rejected by the state courts. ECF No. 25.

II. DISCUSSION

A. Legal Standard

Petitioner brings this petition for a writ of habeas corpus as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Higgs v. Attorney Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011), as amended (Sept. 19, 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.

Section 2254(a) of Title 28 provides in relevant part:

(a) [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only

3

on the ground that he is in custody in violation of the
Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ." 28 U.S.C. § 2254 Rule 4.

B. <u>Analysis</u>

   *1. Motion for Hearing*

Petitioner requests an evidentiary hearing on two of his asserted grounds for relief. "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." <u>Schriro v. Landrigan</u>, 550 U.S. 465, 474 (2007) (internal citation omitted). With respect to any claim adjudicated on the merits by a state court, the writ shall not issue unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[W]hen the state-court record 'precludes habeas relief' under the limitations of § 2254(d), a district court is 'not required to hold an evidentiary hearing.'" <u>Cullen

4

v. Pinholster, 563 U.S. 170, 183 (2011) (quoting Schriro, 550 U.S. at 474).

Petitioner's motion for an evidentiary hearing is premature. Respondent has not yet answered the petition; therefore, the Court's record of the proceedings below is incomplete. The Court cannot determine whether an evidentiary hearing is necessary in the absence of the complete state court record. The Court denies Petitioner's motion without prejudice. Once the record is complete, the Court will reassess whether a hearing is required on any of Petitioner's claims.

   2.   *Habeas Rule 4 Screening*

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994). The United States Court of Appeals for the Third Circuit has found summary dismissal without the filing of an answer warranted where none of the grounds alleged in the petition would entitle the petitioner to habeas relief, see United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000), or the petition contains vague and conclusory allegations, see United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988).

Petitioner raises twenty-four claims for this Court's review. ECF No. 7 at 20-52. Having reviewed the second amended petition, the Court concludes that some proposed grounds for

5

relief will be summarily dismissed without an answer from Respondents.

Several of Petitioner's grounds challenge the actions of the PCR court or otherwise relate to his PCR proceedings. "[T]he federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's <u>collateral</u> proceeding does not enter into the habeas calculation." <u>Hassine v. Zimmerman</u>, 160 F.3d 941, 954 (3d Cir. 1998) (emphasis in original). <u>See, e.g.</u>, Ground Nine ("The PCR Judge erred when it determined that no evidentiary hearing was required because no evidence outside of the record would have been useful in resolving the case contrary to the Constitution of the United States and the laws of New Jersey."); Ground Ten ("The PCR Judge erred when it determined that Appellant failed to present evidence to establish a prima facie claim thus negating Appellant's request for an evidentiary hearing contrary to the Constitution of the United States and the laws of New Jersey."); Ground Eleven ("The PCR Judge erred in his ruling that Appellant would not have taken the plea even had he known that Amy Curran was not going to testify at his trial."); and Ground Sixteen ("Petitioner's petition for post-conviction relief is timely filed under R. 3:22-12(2).").

Grounds Twelve through Fifteen make the same arguments, i.e., that the courts erred by failing to hold evidentiary hearings on the issue of ineffective assistance of counsel.

The Court will summarily dismiss Grounds Nine through Sixteen because they raise claims that are not cognizable in federal habeas.[2] Petitioner's substantive ineffective assistance of counsel claims will proceed.

In Ground Seventeen, Petitioner alleges his PCR counsel was ineffective. ECF No. 7 at 42. "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). Ground Seventeen will be summarily dismissed.

Ground Twenty-four reads: "Petitioner has demonstrated his right to a New Trial by a preponderance of the evidence; at a minimum he has made a case for an Evidentiary Hearing to resolve the issue of ineffective assistance of counsel as required by the Fourteenth Amendment to the United States Constitution." ECF No. 7 at 51. This ground will be dismissed as it does not state a claim for relief and merely reiterates Petitioner's prior arguments.

---

[2] In dismissing Ground Sixteen, the Court expresses no opinion on whether any of the petitions are timely filed or procedurally defaulted.

Respondents shall be ordered to answer Grounds One through Eight and Eighteen through Twenty-three as it does not "plainly appear[] from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." 28 U.S.C. § 2254 Rule 4.

III. CONCLUSION

For the foregoing reasons, the motion for an evidentiary hearing will be denied without prejudice. Respondents will be ordered to answer Grounds One through Eight and Eighteen through Twenty-three of the second amended petition. Grounds Nine through Seventeen and Ground Twenty-Four will be summarily dismissed. An appropriate order will be entered.


Dated: December 6, 2019      s/ Noel L. Hillman
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.