```
                 UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW JERSEY
_____
                              :
TYSHEIM MURPHY,               :
                              :
          Petitioner,         :   Civ. No. 17-2960 (NLH)
                              :
     v.                       :   OPINION
                              :
                              :
PATRICK NOGAN, et al.,        :
                              :
          Respondents.        :
_____:
```

APPEARANCES:

Tysheim Murphy
668462/719455C
East Jersey State Prison
1100 Woodbridge RD.
Rahway, NJ 07065
    Petitioner Pro se

Damon G. Tyner, Atlantic County Prosecutor
John J. Santoliquido, Assistant Prosecutor
Atlantic County Prosecutor's Office
4997 Unami Blvd., Suite 2
PO Box 2002
Mays Landing, NJ 08330
    Attorneys for Respondents

HILLMAN, District Judge

    This matter comes before the Court on Petitioner Tysheim Murphy's second motion for an evidentiary hearing on two issues presented in his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.  ECF No. 30.  For the reasons that follow, the Court will deny the motion for an evidentiary hearing without prejudice.  Respondents are ordered to supplement their answer to Ground Eight of the second amended habeas petition.

I.  BACKGROUND

Petitioner filed his original § 2254 petition on April 28, 2017.  ECF No. 1.  The Court administratively terminated the petition as it was not on the correct form for habeas petitions and Petitioner had not paid the filing fee.  ECF No. 3.  Petitioner paid the filing fee and submitted the second amended petition on July 12, 2017.[1]  ECF No. 7.  He also filed a motion to stay the habeas proceedings while he exhausted his state court remedies on his claim that his PCR counsel was ineffective.  ECF No. 8.  The Court reopened the matter and directed Respondents to file a response to the motion to stay only.  ECF No. 10.  The motion to stay was denied on March 16, 2018.  ECF No. 16.

On April 4, 2018, Petitioner filed a letter, docketed as a Motion to Amend, asking for an extension of time to file a "more comprehensive brief to better articulate all my issues . . . ."  ECF No. 17 at 1.  He subsequently filed a brief and exhibits on June 19, 2018.  ECF No. 20.  The Court denied the Motion to Amend.  ECF No. 22.

On May 20, 2019, Petitioner filed a motion for an evidentiary hearing on two issues: (1) whether trial counsel was

---

[1] An amended petition had been received by the Clerk's Office and was inadvertently docketed under a new civil case number.  See ECF Nos. 5,6.

ineffective for failure to call or secure the presence of a witness at trial; and (2) whether trial counsel mislead Petitioner into believing the witness would be testifying at trial, thereby inducing Petitioner to reject the plea offer. ECF No. 24 at 5-6.  The Court denied the motion as premature since Respondent had not yet been instructed to file a response. ECF No. 27.

The Court conducted its review under Habeas Rule 4 and instructed Respondent to answer Grounds One through Eight and Eighteen through Twenty-three of the second amended petition. Id.  Respondents filed their answer on January 21, 2020, ECF No. 28, and Petitioner submitted his traverse on March 16, 2020, ECF No. 29.  Petitioner renews his motion for an evidentiary hearing.  ECF No. 30.

II.  DISCUSSION

Petitioner requests an evidentiary hearing on two of his asserted grounds for relief.  "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (internal citation omitted).  With respect to any claim adjudicated on the merits by a state court, the writ shall not issue unless the adjudication of the claim

3

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "[W]hen the state-court record 'precludes habeas relief' under the limitations of § 2254(d), a district court is 'not required to hold an evidentiary hearing.'" Cullen v. Pinholster, 563 U.S. 170, 183 (2011) (quoting Schriro, 550 U.S. at 474).

The Court denies Petitioner's motion for an evidentiary hearing at this time because it believes further briefing is necessary.  The Court requests that Respondents supplement their answer to Petitioner's claim under Ground Eight: "The defendant was denied the effective assistance of counsel when defense counsel misled the defendant with regards to the use of Amy Curran as a defense witness thereby depriving him of the right to making an informed decision about avoiding an extended term and accepting a comparatively lenient plea agreement."  The answer cites the general Strickland standard without addressing the more specific standard under Lafler v. Cooper, 566 U.S. 156 (2012).  Therefore, Respondents should submit further argument to the Court, as well as any additional documents necessary to support their argument.  See 28 U.S.C. § 2254 Rule 7(a)

4

(permitting the Court to direct the parties to submit additional materials).

Respondents shall supplement their answer within 21 days. Petitioner may file a response within 21 days of receiving the answer.

III. CONCLUSION

For the foregoing reasons, the motion for an evidentiary hearing is denied without prejudice. Respondents are ordered to supplement their answer to Ground Eight within 21 days. An appropriate order will be entered.

Dated: October 23, 2020　　　　　　　s/ Noel L. Hillman
At Camden, New Jersey　　　　　　　NOEL L. HILLMAN, U.S.D.J.