```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY


TYSHEIM MURPHY,
                                        Civil Action
              Petitioner,              No. 17-2960 (NLH)

     v.
                                           OPINION
THE ATTORNEY GENERAL OF
THE STATE OF NEW JERSEY,
et al.,

              Respondents.
```

APPEARANCES:

Tysheim Murphy
668462/719455C
East Jersey State Prison
1100 Woodbridge Rd.
Rahway, NJ 07065

     Petitioner pro se

Damon G. Tyner, Atlantic County Prosecutor's Office
John J. Santoliquido, Assistant Prosecutor
Atlantic County Prosecutor's Office
4997 Unami Boulevard
Mays Landing, New Jersey 08330

     Attorney for Respondents


HILLMAN, District Judge

     Tysheim Murphy, a state prisoner confined at East Jersey State Prison, is proceeding on a second amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 7. As part of that petition, he sought an evidentiary hearing on

one of his claims of ineffective assistance of counsel. ECF No. 36. The Court denied that motion. ECF No. 38. Petitioner now moves for reconsideration of that order. ECF No. 39. Respondents did not file any opposition. For the reasons stated herein, the Court will deny the motion.

I. BACKGROUND

The facts of this case were recounted below and this Court, affording the state court's factual determinations the appropriate deference, 28 U.S.C. § 2254(e)(1), reproduces the recitation of the facts as set forth by the Honorable Bernard DeLury, Jr., J.S.C., in his opinion denying Petitioner's first post-conviction relief ("PCR") petition:

> On February 3, 2007, the victim, Nyjua Kemp, while driving home to Bridgeton, NJ after a night at the casinos in Atlantic City, received a "chirp" from an acquaintance, "Amy,"[1] whom he met inadvertently on a single occasion at a convenience store near their home. Ms. Curran stated that she was also in Atlantic City and requested a ride. After a bit of confusion as to her location, the victim eventually met her outside of the Tropicana Casino where she was accompanied by two other women. When the victim arrived, he picked up Ms. Curran only and she provided him with directions to her sister's apartment. During their drive, Ms. Curran made a phone call and said that she was on her way, along with the victim. After arriving at Ms. Curran's apartment, the victim accompanied her upstairs. Upon entering, the apartment appeared unlocked and empty with a bottle of liquor and some cigars on a table. Ms. Curran locked the door behind them and stated that her sister would be home soon. The victim felt uneasy and said that he

---

[1] "Per the State, 'Amy' is Amy Curran." ECF No. 28-29 at 2 n.2. She is also referred to as "Amy Scott" in some portions of the record.

2

>intended not to stay but merely wanted to use the restroom before leaving. Ms. Curran then approached the bathroom door and two men emerged, the Petitioner and Mr. Raheem Hayes. The Petitioner brandished a gun and ordered the victim to put his hands up while Mr. Hayes extracted the victim's money, car keys and cell phone. One of the men then slapped Ms. Curran and took her money as well.[2] Mr. Hayes then tied a shoelace from the victim's boots around the victim's hands, binding his wrists. The Petitioner then announced they were going for a ride. Ms. Curran stayed behind in the apartment as the three men left.
>
>The two men forced the victim into his car, at gunpoint, while the Petitioner drove the vehicle. A few minutes later, they ordered him to exit his vehicle. The victim immediately complied. The victim, then, remembering that they had passed a police officer during their short drive, found Officer Kien Nhan, and reported the incident. As Officer Nhan and the victim were conversing with one another, the victim recognized one of the perpetrators from across the street. The suspect was detained and later identified as the Petitioner. During a pat-down of the Petitioner, two cell phones were recovered, one belonging to the victim. The victim's phone was subsequently returned to him at the scene. The police soon thereafter apprehended the Petitioner's co-defendant, Mr. Hayes in a convenience store, where they also found the handgun described by the victim laying on a shelf.

ECF No. 28-29 at 2.

An Atlantic County Grand Jury indicted Petitioner for conspiracy to commit robbery, N.J.S.A. §§ 2C:5-2, 2C:15-1 (Count 1); first-degree robbery, N.J.S.A. § 2C:15-1 (Count 2); second-degree robbery, N.J.S.A. § 2C:15-1 (Count 3); third-degree unlawful possession of a handgun, N.J.S.A. § 2C:39-5b (Count 4);

---

[2] "The victim stated that the assault on Amy appeared to be staged." ECF No. 28-29 at 2 n.3.

3

second-degree possession of a handgun for unlawful purposes, N.J.S.A. § 2C:39-4 (Count 5); fourth-degree aggravated assault, N.J.S.A. 2C:12-1b(4) (Count 6); third-degree terroristic threats, N.J.S.A. 2C:l2-3b (Count 7); second-degree conspiracy to commit carjacking, N.J.S.A. §§ 2C:5-2, 2C:15-2 (Count 8); first-degree carjacking, N.J.S.A. § 2C:15-2a(2) (Count 9); second-degree conspiracy to commit kidnapping, N.J.S.A. §§ 2C:5-2, 2C:l3-1 (Count 10); second-degree kidnapping, N.J.S.A. § 2C:13-1b (Count 11); and third-degree possession of a weapon by a convicted person, N.J.S.A. §  2C:39-7 (Count 13).[3]  ECF No. 28-3.  Petitioner moved to sever his trial from his co-defendant's, but the trial court denied the motion.  ECF No. 28-3.  "[P]etitioner was convicted by a jury on Counts 1 through 7, and on Count 11 as amended to criminal restraint; the jury found petitioner not guilty on Counts 8, 9, and 10.  Petitioner submitted Count 13 to the judge, who found him guilty."  ECF No. 28 at 3.

On October 22, 2010, the trial court sentenced Petitioner to a total term of 38 years imprisonment.  ECF No. 28-4.  Petitioner appealed, and the Appellate Division affirmed the convictions but remanded for resentencing.  State v. Murphy, No. A-4420-10, 2012 WL 1697392 (N.J. Super. Ct. App. Div. May 16,

---

[3] Count 12 was only issued against co-defendant Hayes.

4

2012). The New Jersey Supreme Court denied certification on November 9, 2012. State v. Murphy, 56 A.3d 394 (N.J. 2012). On remand, the trial court again sentenced Petitioner to 38 years. ECF No. 28-4. The Appellate Division affirmed the new sentence. ECF No. 28-22.

Petitioner filed a motion for post-conviction relief ("PCR") on December 20, 2012, which was supplemented by his appointed counsel on March 20, 2014. ECF No. 28-26. The PCR court held oral argument on May 13, 2014 and later denied the petition without an evidentiary hearing. ECF No. 28-29.[4] The Appellate Division affirmed, State v. Murphy, No. A-0807-14, 2016 WL 6872984 (N.J. Super. Ct. App. Div. Nov. 22, 2016) (per curiam), and the New Jersey Supreme Court denied certification, State v. Murphy, 166 A.3d 237 (N.J. 2017). Petitioner filed two more unsuccessful PCR motions but did not appeal either denial. ECF Nos. 28-39, 28-42.

II. STANDARD OF REVIEW

"Motions for reconsideration exist to 'correct manifest errors of law or fact or to present newly discovered evidence.'" Mid-Am. Salt, LLC v. Morris Cty. Coop. Pricing Council, 964 F.3d 218, 230 (3d Cir. 2020) (quoting Harsco Corp. v. Zlotnicki, 779

---

[4] The State did not provide a transcript of the PCR Hearing with its initial answer. The Court will direct the State to produce it within 30 days.

5

F.2d 906, 909 (3d Cir. 1985)). A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Johnson v. Diamond State Port Corp., 50 F. App'x 554, 560 (3d Cir. 2002) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

III. ANALYSIS

Petitioner seeks reconsideration of the Court's order denying an evidentiary hearing on Ground Eight of the second amended petition. He asserts the Court "overlooked" his arguments and documentation in support of his claim that defense counsel misled him regarding Amy Curran's appearance at trial. ECF No. 39 at 4. "Because the exhibits supporting Petitioner's claims have been mistakenly overlooked or not addressed, and the fact that the Respondent failed to supply the Court with a transcript of the PCR hearing, Petitioner contends that he has met the standard for the reconsideration of the order denying an evidentiary hearing." Id.

The PCR court and the Appellate Division rejected Petitioner's ineffective assistance of counsel claim on the merits. "If a state court has already rejected an ineffective-

6

assistance claim, a federal court may grant habeas relief if the decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'  Where, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (quoting 28 U.S.C. § 2254(d)(1)).

The Court reviewed the state court record, including Petitioner's exhibits, and concluded it could not say that the state courts made objectively unreasonable determinations. Petitioner's disagreement with the Court's conclusion is not an appropriate basis for a motion for reconsideration. See United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).  The motion for reconsideration will be denied.  However, the Court will order the State to submit a transcript of the PCR proceedings within 30 days of this Order.

IV. CONCLUSION

For the reasons stated above, the motion for reconsideration will be denied.  The State will be ordered to submit a copy of the PCR hearing within 30 days.  An accompanying Order will be entered.

| | |
|---|---|
| April 25, 2022 | s/ Noel L. Hillman |
| Date | NOEL L. HILLMAN |
| At Camden, New Jersey | U.S. District Judge |

7